### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **T.T.B. and A.T.K.,** ) | |
| ) | |
|     **Plaintiffs,** ) | **CIVIL ACTION** |
| ) | |
| v. ) | **No. 25-2553-KHV** |
| ) | |
| **PAMELA J. BONDI, in her official capacity as** ) | |
| **Attorney General of the United States, ET AL.** ) | |
| ) | |
|     **Defendants.** ) | |
| _____) | |

### MEMORANDUM AND ORDER

On September 24, 2025, plaintiffs filed suit against Pamela J. Bondi (U.S. Attorney General), Kristi Noem (Secretary of the U.S. Department of Homeland Security), Joseph B. Edlow (Director of U.S. Citizenship and Immigration Services) and Connie Nolan (Associate Director of U.S. Citizenship and Immigration Services Service Center Operations Directorate), each in their official capacity. Plaintiffs allege that defendants improperly withheld action on the Petition for Alien Relative which plaintiffs filed on May 4, 2022. Plaintiffs seek to compel action on the petition. Plaintiff's Complaint For Declaratory Relief And Writ of Mandamus (Doc. #1) filed September 24, 2025. This matter is before the Court on Plaintiff's Motion For Leave To File Under Seal Unredacted Complaint And Supporting Exhibits And To Proceed Under Pseudonyms (Doc. #3) filed September 24, 2025. For reasons set forth below, the Court sustains plaintiffs' motion.

### I.      Motion To Proceed Pseudonymously

Plaintiffs ask the Court to allow them to file under seal the unredacted complaint and to allow them to proceed pseudonymously because A.T.K. is applying for asylum. Plaintiffs claim that disclosure of A.T.K.'s full name poses safety risks to him and his family. Specifically,

plaintiffs argue that if A.T.K.'s full name or the full name of any family member is made public, the Ethiopian government or other individuals may harm him or his family in retaliation for his asylum claim.

Federal courts have long recognized a common-law right of access to judicial records and court proceedings. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978); Cox Broad. Corp. v. Cohn, 420 U.S. 469, 492 (1975). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. See Nixon, 435 U.S. at 599; Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980).

"[T]here is no legal right in parties to be allowed anonymity." Luo v. Wang, 71 F.4th 1289, 1296 (10th Cir. 2023). Indeed, the Federal Rules of Civil Procedure do not contemplate non-minors proceeding anonymously or by initials. Id.; see Fed. R. Civ. P. 5.2. (litigants must modify or redact minors' full names). Rather, Rule 10(a) of the Federal Rules of Civil Procedure requires that all pleadings contain the names of the parties. Fed. R. Civ. P. 10(a). Rule 17(a) specifically states that "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). Even so, "federal courts traditionally have recognized that in some cases the general presumption of open trials—including identification of parties and witnesses by their real names—should yield in deference to sufficiently pressing needs for a party or witness anonymity." Luo, 71 F.4th at 1296. Upon petition to the Court, an individual may proceed anonymously "in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." Femedeer v. Haun, 227 F.3d 1244, 1246 (10th Cir. 2000) (quotations omitted). The need for anonymity must outweigh the general presumption of openness. Luo, 71 F.4th at 1296. "Proceeding under a pseudonym in federal court is, by all accounts, an unusual

procedure." Femedeer, 227 F.3d at 1246 (quotations omitted).

Here, plaintiffs have established that the need for anonymity outweighs the general presumption of openness. As noted, plaintiffs argue that if A.T.K.'s or his families' full names are made public, the Ethiopian government may retaliate. He has established real, imminent personal danger to himself and his family because he fled Ethiopia due to government-sanctioned torture and abuse, his family that still resides in Ethiopia faces a substantial risk of harm and A.T.K. faces retaliatory torture if the United States denies asylum and returns him to Ethiopia. See Doe v. U.S. Immigr. & Customs Enf't, No. 23-CV-00971-MLG-JMR, 2024 WL 4389461, at *2–3 (D.N.M. Oct. 3, 2024) (because plaintiffs fled Venezuela due to government persecution, torture and abuse, their family still resided in Venezuela, they faced risk of returning to Venezuela and retaliatory torture if United States did not grant asylum and they feared direct retaliation from ICE while in custody, they established real, imminent personal danger). The Ethiopian government tortured A.T.K several times from 2005 to 2016 due to political activity, and it stands to reason a public asylum application which criticizes the Ethiopian government would create a risk of further harm. See A.T.K.'s Asylum Application (Doc. #1-1). Moreover, when A.T.K. fled Ethiopia in 2016, the government arrested his brother to interrogate him on A.T.K.'s whereabouts, which evidences the risk to A.T.K.'s family if his name is public. Id. at 25.

The public's interest in knowing litigants' identities is heightened when a suit involves public figures, public funds or public entities. See M.M. v. Zavaras, 139 F.3d 798, 803 (10th Cir. 1998) (public has valid interest in knowing how state spends revenues); Doe v. F.B.I., 218 F.R.D. 256, 259 (D. Colo. 2003) (by initiating an action against FBI for disclosure of file, plaintiff chose to bring private matter into public eye). On the present record, the plaintiffs' interest in anonymity however, outweighs the public's interest in open court proceedings. The Court therefore sustains

plaintiffs' motion to file under seal an unredacted complaint and to proceed pseudonymously.

**IT IS THEREFORE ORDERED** that <u>Plaintiff's Motion For Leave To File Under Seal Unredacted Complaint And Supporting Exhibits And To Proceed Under Pseudonyms</u> (Doc. #3) filed September 24, 2025 is **SUSTAINED.**

Dated this 21st day of October, 2025 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge